**ORANSKY, SCARAGGI & BORG, P.C.**
Andrew D. Borg, Esq. (9384)
175 Fairfield Avenue, Suite 1A
West Caldwell, New Jersey 07007-0866
(973) 364-1200

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMPOSITION ROOFERS LOCAL NO. 10 PENSION FUND; COMPOSITION ROOFERS LOCAL NO. 10 HEALTH FUND; COMPOSITION ROOFERS LOCAL NO. 10 VACATION FUND, COMPOSITION ROOFERS LOCAL NO 10. APPRENTICE TRAINING FUND, ROOFERS LOCAL NO. 10, and Nick Strauss as Trustee<br><br>*Plaintiffs*,<br><br>v.<br><br>RAMCO CONSTRUCTION INC.<br><br>*Defendant*. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys Oransky, Scaraggi & Borg, P.C., as and for their Complaint respectfully allege as follows:

### NATURE OF THE ACTION AND JURISDICTION

1.  This is a civil action brought, inter alia, pursuant to Section 502 (a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132 (a)(3), 1145 ("ERISA"), and Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 ("Taft-Hartley Act"), by Plaintiffs for breach of contract, injunctive relief, and for other equitable relief under ERISA. This Complaint alleges that by failing, refusing, or neglecting to comply with specific statutory and contractual obligations, defendant Ramco Construction Inc.,

("Ramco") breached its collective bargaining agreement with the Union and violated the Funds' trust agreements, the Taft-Hartley Act and ERISA.

2. Jurisdiction of this Court is invoked under the following statutes:
    a. Section 502 (e)(1) and (f) of ERISA, 29 U.S.C. § 1132 (e)(1) and (f);
    b. Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185;
    c. 28 U.S.C. § 1331 (federal question);
    d. 28 U.S.C. § 1337 (civil actions arising under any Act of Congress regulating commerce); and
    e. 28 U.S.C. § 1367 (supplemental jurisdiction).

3. Venue properly lies in this district under ERISA Section 502 (e)(2), 29 U.S.C. § 1132 (e)(2), and the Taft-Hartley Act Section 301, 29 U.S.C. § 185 (c). Service of process may be made on Defendant in any district in which they may be found pursuant to ERISA Section 502 (e)(2), 29 U.S.C. § 132 (e)(2).

## PARTIES

4. Plaintiffs are the Composition Roofers Local No. 10 Pension Fund, the Composition Roofers Local No. 10 Health Fund, Composition Roofers Local No. 10 Vacation Fund and Composition Roofers Local No. 10 Apprentice Training Fund (the "Funds"), Roofers Local No. 10 (the "Union") and Nick Strauss, a Trustee of the Funds and the Business Manager of the Union.

5. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with the Taft-Hartley Act Section 302 (c)(5) and (c)(6), 29 U.S.C. § 186 (c)(5), (c)(6). The Funds are employee benefit plans within the meaning of ERISA Sections 3(1), 3(2), 3(3) and 502 (d)(1), 29 U.S.C. §§ 1002 (1), (2), (3), and 1132 (d)(1), and multi-employer plans within the meaning of ERISA Sections 3 (37) and 210, 29 U.S.C. §§ 1002 (37) and 1060. The Funds are authorized to maintain suits as independent legal entities under ERISA Section 502 (d)(1), 29

2

U.S.C. § 1132 (d)(1). The Funds' purpose is to provide fringe benefits to eligible employees on whose behalf employers contribute pursuant to collective bargaining agreements between employers in the building and construction industry and the Union. The Funds are third-party beneficiaries to such collective bargaining agreements, as collectors and trustees of employer contributions made pursuant to collective bargaining agreements between employers and the Union. The Funds maintain their offices and are administered at 321 Mason Avenue, Haledon, Passaic County, New Jersey.

6.     Nick Strauss is a Funds' Trustee and the Business Manager of the Union. He is a fiduciary within the meaning of ERISA Sections 3 (21) and 502, 29 U.S.C. §§ 1002 (21) and 1132. He brings this action in his fiduciary capacity.

7.     The "Union" is Roofers Local No. 10, a labor organization within the meaning of the Taft-Hartley Act Section 301, 29 U.S.C. § 185, which represents employees in an industry affecting commerce as defined by the Taft-Hartley Act Section 501, 29 U.S.C. § 142, and ERISA Section 3 (4), 29 U.S.C. § 1002 (4). The Union maintains its offices and is administered at 321 Mason Avenue, Haledon, New Jersey.

8.     Upon information and belief, Ramco, at all times material hereto was and is a for-profit domestic company organized and operating in the State of New Jersey as an employer within the meaning of ERISA Sections 3 (5) and 515, 29 U.S.C. §§ 1002 (5) and 1145, and was, and is, an employer in an industry affecting commerce within the meaning of the Taft-Hartley Act Section 301, 29 U.S.C. § 185. It is located at 16 Cherry Street, Clifton, Passaic County, New Jersey.

9.     Ramco is signatory to a collective bargaining agreement ("CBA") with the Union.

10.    This CBA obligates Ramco to make contributions to the Funds on behalf of employees performing roofing work.

11.     The Union and the New Jersey Roofing Contractors Association (The "Association") have executed a series of collective bargaining agreements. Ramco is signatory to the aforesaid CBAs covering the following periods of time: June 1, 2009 – May 31, 2012, June 1, 2012 – May 31, 2015 and June 1, 2015 – May 31, 2018.

12.     These collective bargaining agreements obligate Ramco to pay the required monetary contributions and submit the necessary supporting documentation for all work performed by Ramco's employees within the roofing trade within the territorial jurisdiction of the Union.

13.     Pursuant to Section 2.9 of the CBA an employer may not subcontract work to circumvent payment of fringe benefit contributions or for any other reason.

14.     By virtue of the CBA and the Trust Agreements of the Funds, Plaintiffs or their designated representative may conduct an audit of the payroll records of Ramco to determine if the proper contributions were being paid to the Funds.

## FIRST CLAIM FOR RELIEF

15.     The Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16.     The Trustees of the Funds, in furtherance of their fiduciary obligations, voted to conduct an audit of Ramco's payroll records in order to determine if proper contributions were being paid in accordance with the terms of the collective bargaining agreement.

17.     Despite repeated requests, Defendant has failed and refused to provide the Funds' auditor with access to the records and information that is needed in order to complete an accurate and thorough audit.

18.     Defendant's failure and refusal to permit the audit is a violation of ERISA Section 515, 29 U.S.C. §1145.

## SECOND CLAIM FOR RELIEF

19.     ERISA Section 502 (g)(2), 29 U.S.C. § 1132, provides that upon a finding of an employer violation of ERISA Section 515, 29 U.S.C. § 1145, the Court shall award to a fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

20.     Accordingly, Ramco is liable to the Funds for the payment of any contributions found to be due and owing, along with interest, attorneys' fees, court costs and other expenses incurred in connection with the audit and this lawsuit.

## THIRD CLAIM FOR RELIEF

21.     Plaintiffs repeat each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein.

22.     Section 10.5 of the CBA provides as follows:

> "10.5 The Trustees of the fringe benefit funds shall maintain appropriate legal actions to collect any contributions due or for an accounting or any other appropriate relief. Should court action be required in order to collect monies owed the Funds or to examine his books or records, the employer will be responsible to pay all contributions due plus court costs, interest at the rate of 12 percent and liquidated damages for attorney's fees in the amount of 20 percent of the debt."

23. Accordingly, pursuant to the terms and provisions of the CBA, Plaintiffs demand an order directing Ramco to permit and cooperate with the Plaintiffs or their designated representative in the conduct of an audit of Ramco's books and payroll records for the period from January 1, 2012 to the present.

## FOURTH CLAIM FOR RELIEF

24. Plaintiffs repeat each of the allegations set forth in paragraphs 1 through 23 as is set forth at length herein.

25. Pursuant to the terms and conditions of the CBA, Ramco is required to timely pay and / or submit fringe benefit contributions and / or reports to the Funds, and permit and cooperate in the conduct of audits of its' books and records for as long as Ramco remains obligated to do so pursuant to the CBA.

26. Ramco failed to comply with the Funds' lawful demand to submit to an audit of its payroll records, in breach of its collective bargaining agreement. Ramco's prior conduct demonstrates a significant likelihood that it will continue to breach the CBA.

27. Plaintiffs have no adequate remedy at law to ensure that Ramco will adhere to the terms of the CBA.

28. Plaintiffs will suffer immediate and irreparable injury unless Ramco, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and / or submit the required monetary contributions and / or reports to the Funds and permit and cooperate in the conduct of audits for so long as it remains obligated to do so pursuant to the CBA.

29.     Accordingly, the Plaintiffs request this Court to issue an injunction permanently enjoining Ramco, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and / or submit the required contributions and / or reports to the Funds and requiring them to permit and cooperate in the conduct of audits by the Funds for the term of the CBA.

Wherefore, Plaintiffs demand judgment against Ramco Construction Inc.:

A.      For an order requiring Ramco to permit and cooperate in the conduct of an audit of its books and records for the period from January 1, 2012 to the present;

B.      For payment of all benefit fund contributions owed to the Funds or working dues owed to the Union, plus interest, in an amount determined to be due and owing pursuant to the audit of Defendant's books and records;

C.      For payment of all benefit fund contributions or working dues that may come to be owed by the Defendant during the pendency of this matter.

D.      For an Order permanently enjoining Ramco, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the Order, by personal service or otherwise for so long as they remain obligated to contribute to Plaintiffs, from failing, refusing or neglecting to pay and / or submit the required monetary contributions and / or reports in accordance with the applicable CBA.

E.      For accrued prejudgment interest on all contributions in accordance with ERISA §502 (g) (2), 29 U.S.C. § 1132 (g);

F. For all statutory damages on all contributions due, including 20% liquidated damages, reasonable attorneys' fees, costs and disbursements in accordance with ERISA § 502 (g) (2), 29 U.S.C. § 1132 (g);

G. For contractual damages on all fringe benefit contributions due, reasonable attorneys' fees, and costs and disbursements in accordance with the CBA; and

H. Such further relief as the Court deems to be just and equitable.

**ORANSKY, SCARAGGI & BORG, P.C.**
*Attorneys for Plaintiffs*

By: _____
ANDREW D. BORG, ESQ. (9384)

Dated: September 21, 2017